JOHN TRAINOR, Appellee, v. S. ROBYN, Appellant.

**Partnership:** ACCOUNTING: EVIDENCE: BOOKS OF ORIGINAL ENTRY. Although the items of account kept by plaintiff, claiming a partnership with defendant, were not all in chronological order, but were explained as having been entered when ascertained as of the date

when and where made, the books were admissible under the statute as books of original entry in an action for an accounting. Evidence held sufficient to show a partnership.

*Appeal from Sioux District Court.*—HON. WILLIAM HUTCH-INSON, Judge.

TUESDAY, MARCH 24, 1914.

ACTION for partnership accounting. From a decree and judgment in favor of plaintiff, the defendant appeals.— *Affirmed.*

*Anthony Te Paske,* and *Geo. T. Hatley,* for appellant.

*W. C. Leonard,* and *Gerrit Klay,* for appellee.

WITHROW, J.—I. Plaintiff sued as an alleged partner of the defendant in the purchase and sale of horses, and prayed for an accounting and judgment for an amount claimed to be due him. He claims that the partnership was orally entered into in October, 1910, and under the agreement between the parties the defendant was to furnish the money, and also feed and barn room in Hull, for the horses purchased, for which he was to receive thirty-five cents per day per head for the horses so kept and fed. The agreement as claimed by him covered the duty on his part to drive over certain counties in Northwestern Iowa and other places, and to buy such horses as he could, and that the defendant, when possible, was to assist. He claims that horses were purchased at a cost of $8,570, afterward sold, and, after deducting the expenses of keeping and sale, there was a profit of $1,390.25, to the one-half of which, less payments of $239.15 received by him, he claims to be entitled. The answer of the defendant denies that any partnership was formed, but says that during a part of the time covered by the averments of the petition the plaintiff performed services for him in buying and selling

horses, and alleges that he paid plaintiff in full for the services so performed. By way of counterclaim the defendant alleges that the plaintiff performed some service for him, and that plaintiff had in his possession, received in such matter, the sum of $52.50, for which amount judgment was asked. The counterclaim was denied. The trial court found the equities to be with the plaintiff, and that he was entitled to recover $438.70, for which amount judgment was entered, and the defendant appeals.

II.  No witnesses testified as to the agreement of partnership excepting the parties to the action the plaintiff affirming it, and the defendant denying it.  The plaintiff presented a book in which he claimed to have kept the joint accounts, the items in which are said to have been entered by him at or near the time of the several transactions then showed.  The appellant objected to the introduction of the book for the reason that it was not shown to be a book of original entry, and that the entries were not made at the time they purported to have been made.  The objection was largely based upon the fact that all entries were not in chronological sequence; that in many instances entries of one date would follow other entries of a later date.  In the book were kept the accounts of purchases, sales, and expenses.  The original is not before us; but from the pages as shown by the transcript we find that with few exceptions the entries appear in the proper order of their dates.  The entries as to sales and expenditures and costs of keep were not regularly given, but from the testimony appear to have been made at or about the time he obtained knowledge of such transactions as were had by the appellant when the appellee was not present, and were then entered as of the date of the respective deals.  As thus proven the books were admissible in evidence under Code, section 4623, the weight which should be given to the entries being yet for the trial court or for the jury in cases tried at law.

III.  The appellant did not as a witness deny that the entries in the book were correct as to time or amount, but

said that he was not told by the appellee that he was keeping
books, excepting at the time a settlement was demanded. He
claims and so testified that the only agreement between them
was that upon the request of Trainor for an opportunity to
make a dollar, stating that he knew where there were horses,
the appellant said to him, "You can go right in the buggy
with me, and, if you know where we can buy some horses, we
will go out there and see if I can buy them. If I could buy
them so they will make me a dollar," I says, "I will make
it right with you." The appellant further testified that
Trainor wanted to form a partnership, and offered to pay
interest on the money, but that he refused to do so, and that
the appellee agreed to help him upon the promise that it would
be made right with him. No more definite statement appears
of the contract as claimed by the appellant than is given in
the foregoing quotation from his evidence. The testimony of
the appellee was that he was requested by the appellant to
work with him, and that they would divide the profits, that
he devoted his time to the common venture from October 8th
to March 4th, and that the items in his book, which he claims
he told appellant he was keeping, correctly showed the trans-
actions. Some of them, it appears, were estimated expendi-
tures made by the appellant in the keep and sale of horses;
but we do not find that they are seriously disputed, the only
claim that is made being that there was no partnership, and
therefore no liability. Different payments were made by
Robyn to Trainor from time to time, the former handling all
the money, excepting some sales made by Trainor, one of
which is the basis of the counterclaim. The first payment was
one-half of the profits resulting from the first purchase and
sale, and others were at different times as sales would be made.
During the time covered by the claim the appellee assisted
another buyer in making a few purchases, and the appellant
made a number in which the appellee did not participate.
While the appellee himself directly bought but eight of the
horses purchased on the firm account, he claims to have been

connected with all others for which charge is made, and under their agreement entitled to share in all profits during the period of their relations. The case is not free from difficulty. The contradictory claims of the parties render it necessary for us to discover, if there be such, corroboration of plaintiff's testimony to afford to him a recovery. The appellant admits that he gave to appellee one-half of the profits of the first deal, and that as other sales resulted in profits he gave him money; and also that Trainor accompanied him on many of his trips to look after horses, and that he paid his expenses.

With the exception of the few days when Trainor assisted another buyer, it fairly appears that his services were given in the purchases made by Robyn, without any proof as to definite compensation other than as testified to by him, and this is some confirmation of his claim. We must give weight to the finding of the trial court, who saw the parties, heard their testimony, and necessarily determined its weight as affected by their demeanor. We find sufficient basis for upholding the judgment reached by it, not only as to the finding of a partnership, but also as to the state of the accounts, from which we find that the amount found as due is substantially correct.

The judgment and decree of the lower court is—*Affirmed.*

LADD, C. J., and DEEMER and GAYNOR, JJ., concur.